CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 16 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:08-cr-00021-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RONALD JUNIOR SADM, | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Ronald Junior Sadm, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has filed a motion to dismiss, and Sadm has responded, making this matter ripe for consideration. After reviewing the record, the court concludes that the government's motion to dismiss must be granted and Sadm's § 2255 motion must be dismissed as untimely.

I.

On August 21, 2008, a federal grand jury charged Sadm in a three-count indictment with: (1) conspiring to distribute 50 grams or more of a mixture and substance containing a detectible amount of cocaine base, in violation of 21 U.S.C. § 846 ("Count One"); (2) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count Two"); and carrying, using, and brandishing a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Three"). The indictment stemmed from a search of Sadm's house by law enforcement following an investigation into crack cocaine and marijuana distribution in western Virginia.

On October 30, 2008, Sadm pleaded guilty to Counts Two and Three pursuant to a written plea agreement. The Presentence Investigation Report ("PSR") recommended a total

---

[1] Sadm was sentenced by United States District Judge Samuel Grayson Wilson. Judge Wilson retired and the motion has been assigned to the undersigned United States District Judge.

offense level of 30 because Sadm qualified as an armed career criminal under The Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 922(g) and 924(e). PSR ¶ 20, ECF No. 47. Without the armed career criminal designation, Sadm's total offense level would have been 23, which included a two-level enhancement for possession of firearms. Id. ¶¶ 12, 17. The PSR listed the following prior felony convictions to support the armed career criminal enhancement: (1) a 1983 Massachusetts robbery conviction; (2) a 1988 Massachusetts conviction for possession with intent to distribute and for illegal possession of a controlled substance; and (3) a 1989 Massachusetts conviction for possession with intent to distribute and for conspiracy to violate controlled substance laws. The PSR recommended a criminal history category of IV, resulting in a guideline imprisonment range of 135 to 168 months. Id. ¶ 114. However, the crimes to which Sadm pleaded guilty both had mandatory minimum sentences. Count Two had a mandatory statutory sentence of fifteen years to life imprisonment, and Count Three had a mandatory statutory sentence of seven years to life imprisonment, to be served consecutively. Accordingly, the PSR recommended an advisory guidelines sentence of fifteen years on Count Two and seven years on Count Three to be served consecutively. See U.S.S.G. 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence").

The court followed the PSR recommendation and sentenced Sadm to a total of 22 years' incarceration.[2] Sadm did not appeal. Sadm filed this § 2255 motion alleging two claims: (1) that the district court imposed an unconstitutional sentence in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015); and (2) that counsel was ineffective for failing to recognize that some of his prior convictions listed in the PSR were not actual convictions.

---

[2] In 2011, the court reduced Sadm's sentence by 3 years, to a total of 19 years, following a motion by the prosecution for a reduced sentence due to substantial assistance.

2

The court appointed the Federal Public Defender's Office to represent Sadm and provide supplemental briefing, if necessary, in light of Johnson, pursuant to Standing Order 2015-5. Subsequently, the Federal Public Defender's Office declined to file additional pleadings, concluding that it had "nothing to add to the Motion." Notice of No Additional Filing at 1, ECF No. 38.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Sadm bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

### A. Timeliness of Petition

A petition under § 2255 must adhere to strict statute of limitations requirements. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

3

Sadm did not file within one year of his final judgment, which was entered on January 29, 2009, and so his claims are untimely under § 2255(f)(1). Nonetheless, Sadm argues that his petition is timely under § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decision in Johnson, which was issued on June 26, 2015. The Supreme Court did announce a new rule of constitutional law in Johnson that applies retroactively. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, as explained below, Johnson does not affect Sadm's case, and so his motion must be dismissed as untimely.

### B. Johnson Claim

Sadm claims that he no longer qualifies as an armed career criminal under the ACCA and, therefore, is not subject to a fifteen-year mandatory minimum sentence for Count Two. This claim is unavailing.

Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants have three or more prior convictions for a "serious drug offense" or "a violent felony," the ACCA increases their punishment to a minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" as a drug-related offense under state law that is punishable by a maximum term of imprisonment of ten years or more. 18 U.S.C. § 924(e)(2)(A). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the "residual clause" in the violent felony definition that "involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2563. The Court concluded that the phrase was too vague to provide courts and defendants with an understanding of the types of crimes covered, and so violated the Constitution's guarantee of due process. Id. Accordingly, following Johnson, a defendant's prior conviction qualifies as a "violent felony" only if it involved the use, attempted use, or threatened use of physical force, or was for burglary, arson, extortion or involved the use of explosives. Johnson did not affect the definition of "serious drug offenses."

Sadm argues that two of his prior convictions cannot be used to support an armed career criminal designation: his Massachusetts conviction for assault and battery and his Massachusetts conviction for simple possession of Class D drugs. PSR ¶ 34, ECF No. 47. Whether or not these convictions could support an enhanced sentence under the ACCA is immaterial, however, because they were not used to support Sadm's armed career criminal designation. Instead, the PSR relied on a robbery conviction and two separate drug convictions to support the ACCA enhanced sentence.

Even if the court were to liberally construe Sadm's motion as a general challenge to his armed career criminal designation, his argument fails. See Boag v. MacDougall, 454 U.S. 364, 365 (1982) (noting that courts are charged with liberally construing filings by pro se litigants to allow for the development of potentially meritorious claims). This is because Sadm has four prior convictions for "serious drug offenses." 18 U.S.C. § 924(e)(1). Specifically, Sadm was convicted of Possession of a Class B substance with intent to distribute in 1988, docket number 88CR2024A; two counts of Possession of a Class A substance with intent to distribute in 1991, docket numbers 8932CR3255A and 8932CR8003A; and Possession of a Class B substance with

5

intent to distribute in 1991, docket number 8932CR3905A. PSR ¶¶ 27, 30-32. All of those convictions were under Massachusetts General Law chapter 94C, § 32A, a statute that carries a maximum penalty of 10 years' imprisonment. See United States v. Moore, 286 F.3d 47, 49 (1st Cir. 2002) (noting that a conviction under Mass. Gen. Laws chapter 94C, § 32A carries a maximum penalty of ten years in state prison). Convictions for possession of a Class A or B substance with intent to distribute qualify as predicate "serious drug offenses" under the ACCA. See, e.g., United States v. Hudson, 823 F.3d 11, 14 (1st Cir. 2016) (concluding that a Massachusetts conviction for possession with intent to distribute a "class B substance" qualifies as a "serious drug offense" under the ACCA); United States v. Torres-Rosario, 658 F.3d 110, 113 (1st Cir. 2011) (concluding that distribution and possession with intent to distribute a Class A controlled substance qualifies as a serious drug offense under the ACCA).

Instead of relying exclusively on his drug convictions to support his armed career criminal status, the PSR listed one of Sadm's qualifying offenses as a 1984 Massachusetts robbery conviction. It is questionable whether an unarmed robbery conviction would now qualify as a "violent felony" following Johnson. See United States v. Parnell, 818 F.3d 974, 981 (9th Cir. 2016) (concluding that Massachusetts armed robbery did not require as an element the use of violent force, and so did not qualify as a predicate offense for ACCA purpose); Commonwealth v. Robinson-Stewart, 33 Mass. L. Rptr. 391, *4 (Mass. Supp. June 15, 2016) (concluding that unarmed robbery no longer qualifies as a predicate offense under the state armed career criminal act, which is very similar to the ACCA). However, this court need not reach the issue of whether Sadm's robbery conviction qualifies as a predicate offense because Sadm stipulated in his plea agreement that he had "at least three prior convictions for serious

6

drug offenses and/or violent felonies" and his four prior drug convictions support his armed career criminal status. Plea Agree. at 1, ECF No. 21.

This court must look to the entirety of Sadm's criminal history to determine whether the ACCA was appropriately applied. See United States v. Pettiford, 612 F.3d 270, 278 (4th Cir. 2010) (concluding that even if some of the predicate offenses used to enhance a defendant's sentence under the ACCA could no longer support an armed career criminal designation, as long as "three predicate convictions remained" in the defendant's record, "the statutory preconditions for sentence enhancement were still present" and the defendant's § 2255 petition must be dismissed). Because Sadm's criminal record establishes that he has at least three prior convictions for serious drug offenses, the court properly designated him as an armed career criminal. Johnson does not affect the viability of predicate drug offenses under the ACCA and is, therefore, inapplicable. Johnson,135 S. Ct. at 2563 (noting that the decision only struck down the residual clause and did not "call into question" the other clauses of the ACCA).
As a result, Sadm's motion is untimely.

### C. Ineffective Assistance of Counsel Claim

Sadm also argues that counsel provided ineffective assistance by failing to argue that his two prior convictions for assault and battery and simple possession of Class D drugs did not qualify as convictions because they were dismissed. Sadm suggests that he was prejudiced by counsel's conduct because these convictions were used to support his status as an armed career criminal.

This argument lacks merit. First, it is untimely made, as Sadm has not filed this motion within the limitations period set forth in 28 U.S.C. § 2255(f). Second, as explained above, these convictions were not used to support his armed career criminal designation, so Sadm cannot

7

establish that counsel erred by failing to so argue. Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010); see also United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) (noting that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); see also Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring that a defendant establish both deficient performance by counsel and resulting prejudice). Third, although those convictions were used to compute Sadm's criminal history points, his criminal history did not affect his ultimate sentence which was controlled by his armed career criminal status and the statutory mandatory minimum sentences for the two counts to which he pleaded guilty. Therefore, even if these convictions should not have been included in his criminal history computation, he cannot establish prejudice. Strickland, 466 U.S. at 694. Accordingly, this claim too, must be dismissed.

### III.

For the reasons stated, the court grants the government's motion to dismiss. Because Sadm has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

**ENTER:** This 14 day of September, 2016.

/s/ Michael F. Urbanski
United States District Judge